STATE on the relation of D. A. JENKINS, Public Treasurer *v.* B. A. HOWELL, Sheriff of Robeson County and his Surities.

After a judgment has been given summarily on motion under the act of 1869-'70, ch. 225, sec. 34, against a defaulting Sheriff and his surities, it should not be vacated upon a mere motion founded upon the allegation that the Sheriff's bond did not appear to have been accepted by the County Commissioners and registered by their order, when it did appear to have been registered.

Under the act of 1869-'70, ch. 225, sec. 34, which, in the case of a defaulting Sheriff, authorizes a summary judgment on motion against him without other notice than is given by the delinquency of the officer, the word "him" ought to be construed, in connection with other provisions of the act, to mean "them" so as to authorize the judgment to be taken against the Sheriff and his sureties.

Motion for a summary judgment against the defendant, Howell, as Sheriff of Robeson County, and the surities on his official bond made before his Honor, *Watts,* Judge at the Fall Term, 1870, of WAKE Superior Court.

The motion was granted and a judgment rendered which the defendants, at a Special Term of the said Court, held in January, 1871, moved to have set aside and vacated upon the following grounds :

1st. Because the act of Assembly, 1869-'70, ch. 225, did not authorize the motion made at Fall Term, 1870, as against the sureties of the Sheriff.

2nd. Because the report of the Auditor did not set out any such bond as the law required, but only a paper writing purporting to be a bond, which did not, from the said report, appear to have been ever accepted and approved by the County Board of Commissioners, or registered by their order.

His Honor overruled the motion of the defendants, and from this order the defendants appealed.

*Rogers & Batchelor*, for the defendants.

*Attorney General, Battle & Sons* and *Phillips & Merrimon, contra.*

READE, J.   This was a motion to vacate a judgment against the Sheriff and his sureties, rendered summarily on motion under Act 1869-'70, chap. 225, sec. 34, upon the grounds,

1st. " That the bond on which the motion for judgment was founded, did not appear to have been accepted by the County Commissioners, and registered by their order; although it did appear to have been registered."   Whatever force would have been due to this fact if it had been taken at the time judgment was moved for, or, if it had been supported by an affidavit of merits—as that they did not execute the bond—we think his Honor did right in refusing to vacate the judgment for this cause, on a naked motion.

2nd. " That the statute, *supra,* does not authorize judgment on motion against the surities, but only against the Sheriff."   The statute provides, that when a Sheriff fails to settle with the Auditor, the Auditor shall furnish the Treasurer a copy of the bond of the Sheriff and his sureties, and the Treasurer shall, on motion, recover judgment against " *him.*"   We are satisfied that " him " ought to be read them—that the true intent and meaning of the Act is, to authorize a judgment as upon the bond against the Sheriff and his sureties.   It is indispensible to the Government that its revenues shall be promptly paid.   And the bond of the Sheriff and his sureties is the security to the Government that this shall be done.   And a summary remedy, not against the Sheriff alone, for that might be little worth, but upon the bond against the Sheriff and his sureties was intended. It is objected that while the Sheriff has notice of his default, his sureties have not, and that they ought to be notified so that they might pay without cost.   The answer is,

that it is their duty to know whether the Sheriff makes default or not, and they slumber at their peril. It is not to be expected that the Government will be delayed to run down delinquents. "Him," used in the statute instead of "them," is only bad grammar; which does not vitiate.

There is no error.

PER CURIAM.                                Judgment affirmed.